**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| JOSH LAWSON and CHRISTOPHER FRANKLIN,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF SEATTLE, a municipal corporation; BRADLEY RICHARDSON and Jane Doe and the martial community composed thereof, and SEATTLE POLICE OFFICERS 1-4,<br><br>Defendants. | **No.**<br><br>**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND PERSONAL INJURY**<br><br>**JURY DEMANDED** |

## I. INTRODUCTION

1.1 This is an action for deprivation of civil rights under 42 USC §1983, arising from individual defendants' November 16, 2010 illegal search, seizure, excessive force and arrest of plaintiffs under color of law, and for false arrest and imprisonment, assault and battery, intentional and negligent infliction of emotional distress and for negligence under

Guidance to Justice Law Firm, Inc.
&
Padula & Associates, L.L.C.
2320– 130th Avenue N.E. Suite E-250
Bellevue, Washington 98005
Ph. (425) 818.8077; FAX (425) 903.3733

State Law. This action arises out of both federal and state law for damages resulting from the unlawful conduct of Seattle Police Officers 1-4 and defendant Richardson in arresting Plaintiffs without probable cause and the use of excessive force by Seattle Police Officers 1-4 and defendant Richardson without legal justification.

## II. JURISDICTION AND VENUE

2.1 This Court has personal and subject matter jurisdiction over the Plaintiff's civil rights claims under Title 42, United States Code, §1983, Title 28 United States Code, §1331, 1443, and has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

2.2 The acts complained of below occurred in King County, Washington, and Defendants City of Seattle is a municipal corporation located in King County, Washington. Bradley Richardson is a resident of King County. At all times mentioned below, Plaintiffs' was and presently is a citizen of the United States of the State of Washington.

2.3 Venue in this Court is lawful according to Title 28, United States Code, §1391 (b).

2.4 Before filing this action, plaintiff timely filed a claim for damages with the City of Seattle on/or about February 10, 2012, pursuant to RCW 4.96.020. As required by RCW 4.96.020, more than 60 days has expired since the filing of this claim for damages.

## III. JURY DEMAND

3.1 Plaintiff hereby demands a jury pursuant to the Seventh Amendment of the U.S. Constitution and Fed. R. Civ. P. 38.

## IV. PARTIES

4.1 Plaintiff, Josh Lawson, is an unmarried man, and is domiciled in the City of Everett, Snohomish County, Washington.

Guidance to Justice Law Firm, Inc.
&
Padula & Associates, L.L.C.
2320– 130th Avenue N.E. Suite E-250
Bellevue, Washington 98005
Ph. (425) 818.8077; FAX (425) 903.3733

4.2 Plaintiff, Christopher Franklin, is an unmarried man, and is domiciled in the City of Seattle, King County, Washington.

4.3 Defendant City of Seattle is a municipal corporation organized under the laws of the State of Washington. It is located in King County in the Western District of Washington.

4.4 Defendant Bradley Richardson is a City of Seattle Police officer and, upon Information and belief, a resident of King County, Washington, which is in the Western District of Washington.

4.5 Defendants John Doe Police Officers 1-4 are employees of Seattle Police Department. The actions, inactions, and decisions of Defendants John Doe 1-4 were made with the knowledge, permission, and consent of their employer, and were made within the scope of their employment with the Defendant City of Seattle as police officers and at all times material were acting within the scope of their employment. Plaintiff is not aware of the true names of said John Doe Police Officers and their true names will be substituted when discovered.

## V. STATEMENT OF FACTS

5.1 Plaintiffs' Lawson and Franklin hereby alleges and incorporates paragraphs 1.1 through 4.5 herein.

5.2 On November 16, 2010, Lawson and Franklin had planned a night to celebrate the acceptance into an Aerospace training center through college.

5.3 Lawson worked that evening until 8:00pm.

5.4 After work Lawson met up with his friend, Christopher Franklin.

Guidance to Justice Law Firm, Inc. & Padula & Associates, L.L.C.
2320– 130th Avenue N.E. Suite E-250
Bellevue, Washington 98005
Ph. (425) 818.8077; FAX (425) 903.3733

5.5 Both Plaintiffs' Lawson and Franklin were not familiar with the night life of downtown Seattle so both men decided to park and get out of the car and walk.

5.6 Lawson and Franklin began to walk around. Passing many restaurants and bars.

5.7 Lawson and Franklin reached the Pacific Center and decided to go to the bar across from the Seattle Center they knew it was a long distance from where they had initially parked; but decided to continue to walk because they had already paid for parking.

5.8 Lawson and Franklin crossed the street towards Travel Lodge, and noticed a police care make a U-turn.

5.9 Lawson and Franklin did not believe the police car was looking for them.

5.10 Lawson and Franklin were walking side by side down an alley. As Lawson and Franklin continued to walk they noticed defendant Richardson with his handgun drawn and defendant Richardson yelling "Get on the ground."

5.11 Defendant Richardson only yelled once "Get on the ground."

5.12 Lawson and Franklin were compliant as both men raised their arms and proceeded to get on the ground.

5.13 As Lawson and Franklin proceeded to comply with defendant Richardson's demand, Lawson and Franklin were looking down the barrel of a gun.

5.14 Lawson and Franklin feared for their life and believed they were going to die in that moment.

5.15 Lawson was compliant with his knees and hands on the ground and his head titled towards the ground.

**Guidance to Justice Law Firm, Inc.**
**&**
**Padula & Associates, L.L.C.**
2320– 130th Avenue N.E. Suite E-250
Bellevue, Washington 98005
Ph. (425) 818.8077; FAX (425) 903.3733

5.16 Franklin was compliant with his knees on the ground and his hands behind his head.

5.17 While Lawson was prone and being compliant, defendant Richardson used his foot to kick Lawson on the right side of his jaw/face.

5.18 Franklin witnessed defendant Richardson raised his boot and kick Lawson in the face.

5.19 Other unnamed police officers took their knee and placed their knee onto Lawson's chest/throat and onto his stomach.

5.20 Other unnamed police officers proceeded to push Franklin's face onto the cement ground and put his hands behind his back and placed handcuffs onto Franklin.

5.21 There were a number of other Seattle Police officers on the scene. Upon information and belief, these other officers observed the use of force directed at plaintiffs and did nothing.

5.22 Lawson confronted defendant Richardson and asked why he raised his leg and kicked him, and defendant Richardson stated, "I did not kick you, I did not kick you," No, I kicked you in the chest".

5.23 Lawson and Franklin hands were handcuffed behind their backs.

5.24 Lawson and Franklin continued to inquire "why" they were stopped, kicked, abused and hand cuffed without any justification or probable cause.

5.25 Lawson and Franklin were in handcuffs and surrounded by several police officers and after several request of what they allegedly did an officer finally told them that they were being detained for an "investigation" of an alleged assault.

5.26 Lawson and Franklin were never questioned about the alleged assault, despite

**Guidance to Justice Law Firm, Inc.**
**&**
**Padula & Associates, L.L.C.**
2320– 130th Avenue N.E. Suite E-250
Bellevue, Washington 98005
Ph. (425) 818.8077; FAX (425) 903.3733

Franklin's repeated request "why/what are we being held for?"

5.27 While on the ground, unnamed police officers removed, Lawson and Franklin, wallets from their persons.

5.28 Defendant Richardson and unnamed officers proceeded to make inappropriate comments concerning Lawson's middle name.

5.29 Defendant Richardson and other unnamed officers made comments like, "Did that hurt precious," Oh, are you ok Precious, and "Did your mommy name you Precious"

5.30 Lawson and Franklin were removed from the ground as their hands were restrained behind their backs and were made to stand in place.

5.31 Lawson and Franklin were placed in separate patrol cars and were escorted to the police station where they were held in a holding cell for many hours.

5.32 While in the holding cell, defendant Richardson, continued to make derogatory comments about both Lawson and Franklin.

5.33 Defendant Richardson stated that he was going to "make stuff up" and Lawson and Franklin will be charged and go to jail for robbery.

5.34 Defendant Richardson continue to make offensive comments toward Lawson and Franklin, "There was no way a person like Franklin would have any credit cards in his name. –"Credit cards in his own name, DAM, he has his own credit cards in his own name, DAM IT, that always sucks when I see that"

5.35 Lawson spoke with another officer regarding the excessive force that occurred.

5.36 During that interview, Lawson told the officer he was kicked on the right side of his face/jaw for no reason.

5.37 Lawson was released from jail around 2:00am.

**Guidance to Justice Law Firm, Inc.**
**&**
**Padula & Associates, L.L.C.**
2320– 130th Avenue N.E. Suite E-250
Bellevue, Washington 98005
Ph. (425) 818.8077; FAX (425) 903.3733

5.38 Franklin was released from jail around 3:00am.

5.39 Lawson and Franklin returned to the Seattle Municipal Court for arraignment and was told that they were not charged with any crime.

## VI. COLOR OF STATE LAW AND AGENCY

6.1 Plaintiffs' Lawson and Franklin hereby alleges and incorporates paragraphs 1.1 through 5.38 herein.

6.2 The actions and omissions of defendants set out in all paragraphs above were done under color of the laws of the State of Washington and pursuant to and as a result of the policies, customs, and practices of the City of Seattle.

6.3 At all relevant times, defendant Richardson and unnamed police officers were acting within the scope of their employment with the City of Seattle.

## VII. FIRST CAUSE OF ACTION-UNREASONABLE USE OF FORCE IN VIOLATION OF THE FOURTH AMENDMENT AND 42 U.S.C §1983 and UNREASONABLE SEIZURE IN VIOLATION OF THE FOURTH AMENDMENT UNDER § 1983

(Federal Civil Rights Claims excessive force and unreasonable seizure-Compensatory and Punitive Damages)

7.1 Plaintiffs re-alleges and incorporates by reference the statements contained in paragraphs 1.1 through 6.3

7.2 By virtue of the foregoing facts, defendant Richardson and unnamed Seattle Police officers used unreasonable force in connection with the detention of plaintiffs Lawson and Franklin that was excessive, without legal justification, and in violation of their constitutional right to freedom from unreasonable seizure and to be secure in his person as guaranteed by the Fourth Amendment and 42 U.S.C. § 1983.

**Guidance to Justice Law Firm, Inc.**
**&**
**Padula & Associates, L.L.C.**
2320– 130th Avenue N.E. Suite E-250
Bellevue, Washington 98005
Ph. (425) 818.8077; FAX (425) 903.3733

7.3 As a proximate result of defendant Richardson and unnamed Seattle Police officer's use of unreasonable/excessive force and seizure, plaintiffs Lawson and Franklin's civil rights were violated and they suffered damages in an amount to be determined at trial.

7.4 Defendants' Richardson and unnamed Seattle Police officers are liable for damages suffered by Lawson/Franklin to be proven at trial including for compensatory and punitive damages, and attorneys fees and costs of suit.

## VIII. SECOND CAUSE OF ACTION-LIABILTY OF CITY OF SEATTLE BASED ON POLICIES, PRACTICES AND/OR CUSTOMS IN VIOLATION OF THE FOURTH AMENDMENTS AS WELL AS OF 42 U.S.C. §§1981 AND 1983

8.1 Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1.1 through 7.4.

8.2 During the period relevant herein, defendant City had policies, practices, and/or customs that tolerated Seattle Police Department's use of unnecessary or excessive force in the course of performing their duties, including but not limited to using unnecessary or excessive force against individuals who are already under physical control.[1] Attached hereto as **Exhibit A** are the findings made by Department of Justice, which by this reference is incorporated in this complaint.

8.3 During the period relevant herein, defendant City had polices, practices and/or customs that tolerated Seattle Police Department officers' to unnecessarily escalate a situation resulting in the use of unnecessary or excessive force against individuals.

8.4 During the time period relevant herein, defendant City had policies, practices, and/or customs whereby supervisors and command staff failed to adequately oversee officers'

[1] Attached herein and marked as Plaintiff's exhibit A; findings from the Department of Justice.

Guidance to Justice Law Firm, Inc.
&
Padula & Associates, L.L.C.
2320– 130th Avenue N.E. Suite E-250
Bellevue, Washington 98005
Ph. (425) 818.8077; FAX (425) 903.3733

use of force nor did the City maintain adequate training, policies and/or practices to provided supervisors and command staff with direction on how to supervise individual officers' use of force.

8.5 During the period relevant, defendant City ratified the actions of defendants Richardson and unnamed police officers in their use of unreasonable force, and of the bystander officers who failed to report the use of unreasonable/excessive force.

8.6 By the foregoing City policies, practices and customs, and omissions, defendant City has acted, and has failed to act, in violation of the Fourth Amendment of the U.S. Constitution and of 42 U.S.C. §§ 1981 and 1983.

8.7 As a proximate result of the foregoing City policies, practices and/or customs, plaintiff's civil rights were violated and Lawson and Franklin have suffered damages in an amount to be determined at trial.

## VIIII. THIRD CAUSE OF ACTION

(Negligence under State Law)

9.1 Plaintiff re-alleges and incorporates by reference the allegations in paragraph 1.1 through 8.7 herein.

9.2 Defendant City had a duty to use reasonable care in training, supervising and retaining defendants Richardson and unnamed Seattle Police officers. By the foregoing, defendant City breached this duty.

9.3 Defendants Richardson and unnamed Seattle Police officers owe a duty to Lawson and Franklin to use reasonable care when investigating an alleged crime.

9.4 Defendants Richardson and unnamed Seattle Police officers breached that duty when Richardson and unnamed Seattle Police officers elected to use unnecessary/excessive

Guidance to Justice Law Firm, Inc.
&
Padula & Associates, L.L.C.
2320– 130th Avenue N.E. Suite E-250
Bellevue, Washington 98005
Ph. (425) 818.8077; FAX (425) 903.3733

force and place handcuffs on Lawson and Franklin without probable cause and/or legal justification.

9.5 Defendants Richardson and unnamed officers failed to use reasonable care in meeting the above stated duty to Lawson and Franklin, when Defendants placed Lawson and Franklin, under arrest and placed Lawson and Franklin in back of a patrol car, without any probable cause to do so.

9.6 As a proximate result of defendants Richard and unnamed officer's Lawson and Franklin suffered damages in an amount to be determined at trial.

9.7 As a result of defendant City's negligence, plaintiffs have suffered damages in an amount to be determined at trial.

## X. FOURTH CAUSE OF ACTION

**(Intentional infliction of emotional distress under state law)**

10.1 Plaintiffs re-alleges and incorporates by reference the allegations in paragraph 1.1 through 9.7 herein.

10.2 Defendant Richardson by his above-described actions and omissions, intentionally, or with reckless indifference to the well-being of Lawson and Franklin, inflicted severe emotional distress upon them.

10.3 The action of the defendant Richardson as alleged above are so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and be regarded as atrocious and utterly intolerable in a civilized community.

10.4 As a proximate result of this intentional infliction of emotional harm, plaintiffs suffered harm and damages in an amount to be determined at trial.

## XI. FIFTH CAUSE OF ACTION

**(Negligent infliction of emotional distress under state law)**

Guidance to Justice Law Firm, Inc.
&
Padula & Associates, L.L.C.
2320– 130th Avenue N.E. Suite E-250
Bellevue, Washington 98005
Ph. (425) 818.8077; FAX (425) 903.3733

11.1 Plaintiffs re-alleges and incorporates by reference the allegations in paragraph 1.1 through 10.4 herein.

11.2 Defendants Richardson and unnamed officers had a duty to use reasonable care in their treatment of plaintiffs while they were in police custody. By the foregoing, defendants breached this duty and caused plaintiffs emotional harm.

11.3 As a result of defendants' negligent infliction of emotional harm, plaintiffs have suffered and continue to suffer damages in an amount to be determined at trial.

## XII. SIXTH CAUSE OF ACTION

**(Assault and Battery under state law)**

12.1 Plaintiffs hereby alleges and incorporates paragraphs 1.1 through 11.3 herein.

12.2 Defendants Richardson and unnamed officers assaulted and battered plaintiffs Lawson and Franklin.

12.3 As a proximate result of this assault and battery, plaintiffs suffered personal injury and damages in an amount to be determined at trial.

## XIII. SEVENTH CAUSE OF ACTION

**(False Arrest under state law)**

13.1 Plaintiffs hereby alleges and incorporates paragraphs 1.1 through 12.3 herein.

13.2 The actions of defendants constituted false arrest.

13.3 As a proximate result of this false arrest, plaintiffs suffered personal injury and damages in an amount to be determined at trial.

## XIIII. EIGHTH CAUSE OF ACTION

**(False imprisonment under state law)**

14.1 Plaintiffs hereby alleges and incorporates paragraphs 1.1 through 13.3 herein.

14.2 The actions of defendants constituted false imprisonment.

14.3 As a proximate result of this false imprisonment, plaintiffs suffered personal



Guidance to Justice Law Firm, Inc.
&
Padula & Associates, L.L.C.
2320– 130th Avenue N.E. Suite E-250
Bellevue, Washington 98005
Ph. (425) 818.8077; FAX (425) 903.3733

injury and damages in an amount to be determined at trial.

## XV. DAMAGES

15.1 Plaintiffs re-alleges and incorporates by reference the allegations in paragraphs 1.1 through 14.3 herein.

15.2 As a direct and proximate result of the acts and omissions of Defendants, and each of them, as more fully described above, Lawson and Franklin have suffered physical pain and suffering, emotional pain, humiliation, embarrassment, apprehension, ongoing fear of law enforcement, counseling expenses, and any and all special and general damages allowed by law or otherwise, all in an amount to be proven at trial.

15.3 Defendants are each liable for the damages suffered by Lawson and Franklin.

15.4 Defendants are each liable for punitive damages for intentional acts of Defendants Richardson and unnamed officers an amount sufficient to deter such action in the future.

15.5 As a proximate cause of the foregoing, punitive damages are owed because the conduct of defendants Richardson and unnamed officers was malicious, oppressive or in reckless disregard of plaintiffs' constitutional rights.

## XVI. ATTORNEY FEES

16.1 Plaintiff hereby alleges and incorporates paragraphs 1.1 through 15.5 herein.

16.2 Lawson and Franklin are entitled to an award of attorney fees to be paid by Defendants according to 42 USC §1988 and other applicable state law.

Guidance to Justice Law Firm, Inc.
&
Padula & Associates, L.L.C.
2320– 130th Avenue N.E. Suite E-250
Bellevue, Washington 98005
Ph. (425) 818.8077; FAX (425) 903.3733

## XVII. PRAYER FOR RELIEF

17.1 WHEREFORE, Plaintiffs Lawson and Franklin prays for judgment against the defendants as follows:

**As to federal claims:**

1. For compensatory damages, with interest thereon, in an amount to be proven at trial;
2. For special damages with interest thereon;
3. For punitive damages with interest thereon;
4. For reasonable attorney fees pursuant to 42 USC §1983 and §1988;
5. For costs of suit;
6. Permanent injunctive relief requiring improved policies and training of Seattle Police Department officers and supervisors in the elimination of use of excessive force, unlawful seizure, improvement of supervisory responsibility on issues of use of unreasonable/excessive force and policies requiring bystander officers who observe misconduct by fellow officers to report the misconduct.
7. For such other and further relief as this Court deems just and proper.

**As to State claims:**

1. For compensatory damages with interest thereon in an amount to be proven at trial;
2. For general and special damages with interest thereon, including but not limited to attorneys fees to defend against violation of civil rights, humiliation and emotional distress.
3. For reasonable attorney fees and costs of suit;
4. For such other and further relief as the Court deems just and proper.

**Guidance to Justice Law Firm, Inc.**
**&**
**Padula & Associates, L.L.C.**
2320– 130th Avenue N.E. Suite E-250
Bellevue, Washington 98005
Ph. (425) 818.8077; FAX (425) 903.3733

DATED this ___ day of November, 2012.

Guidance To Justice Law Firm, Inc

Mary C. Anderson, WSBA #44137

Elizabeth Padula, WSBA#24612
Padula & Associates, LLC
2320 130th Avenue N.E.
Building "E" suite 250
Bellevue, WA 98005
PH: 425.883.2883
FAX: 425.869.4006

Attorneys for Plaintiffs

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND PERSONAL INJURY -Page 14 -

Guidance to Justice Law Firm, Inc.
&
Padula & Associates, L.L.C.
2320– 130th Avenue N.E. Suite E-250
Bellevue, Washington 98005
Ph. (425) 818.8077; FAX (425) 903.3733